

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES D. MAURER SIMP PROFIT SHARING PLAN F/B/O CHARLES D. MAURER, on Behalf of Itself and All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>    vs.<br><br>SEMGROUP ENERGY PARTNERS, L.P., SEMGROUP ENERGY PARTNERS G.P. LLC, KEVIN L. FOXX, GREGORY C. WALLACE, ALEX STALLINGS, CITIGROUP GLOBAL MARKETS INC. and LEHMAN BROTHERS, INC.<br><br>                  Defendants. | No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, individually and on behalf of all others similarly situated, by its attorneys, alleges the following upon information and belief, except for those allegations as to itself, which are alleged upon personal knowledge. Plaintiff's information and belief is based on the investigation of its counsel, including a review of SemGroup Energy Partners, L.P.'s publicly issued press releases; filings with the Securities and Exchange Commission ("SEC"), including the Amendment No. 1 to Registration Statement and Prospectus filed with the SEC on February 12, 2008; news stories; analysts' reports concerning SemGroup Energy Partners, L.P. and its affiliates; and data concerning trades in SemGroup Energy Partners L.P.'s securities.

## NATURE OF THE ACTION

1.    Plaintiff brings this action as a class action on behalf of itself and all other persons or entities who purchased units of SemGroup Energy Partners, L.P. pursuant to or

traceable to the Registration Statement and Prospectus to recover damages caused by defendants' violation of the federal securities laws.

## JURISDICTION AND VENUE

2.    This action arises under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k,

3.    Jurisdiction is conferred upon this Court by Section 22 of the Securities Act, 15 U.S.C. § 77v and 28 U.S.C. § 1331 (federal question jurisdiction). This Court has personal jurisdiction of the defendants pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v.

4.    Venue is proper in this District because many of the acts and transactions constituting the violations of law herein complained of occurred within this District, including the preparation and dissemination of the materially false and misleading Registration Statement and Prospectus. This action is based on many of the same facts as an action previously filed in this District (*Poelman v. SemGroup Energy Partners, L.P., et al.,* 08 CV 6477 (PAC)).

5.    In connection with the acts alleged herein, the defendants directly or indirectly used the means and instrumentalities of interstate commerce, including the United States mails and facilities of a national securities exchange.

## SUMMARY OF ALLEGATIONS

6.    This action asserts securities claims relating to a materially false and misleading Prospectus disseminated in connection with SemGroup Energy Partners, L.P.'s February 13, 2008 secondary offering of six million partnership units.

7.    SemGroup Energy Partners, L.P.'s operations were heavily dependent on the operations of its Parent (SemGroup, L.P.). Among other things, SemGroup Energy Partners derived approximately 80% of its cash flow from its Parent.

Doc. 161196                                    - 2 -

8.      The Prospectus misrepresented the financial strength of the Parent (SemGroup,
L.P.) and failed to disclose that the Parent had engaged in risky hedging strategies that presented
a material risk of default and bankruptcy. Inasmuch as SemGroup Energy Partners' business
operations were heavily dependent on and intertwined with its Parent's operations, the true facts
concerning the Parent's financial condition was material to a reasonable investor's decision to
purchase units on the secondary offering.

9.      Those true facts were first disclosed to investors on Thursday, July 17, 2008,
when it was revealed that because of its hedging strategies the Parent was at risk of filing for
bankruptcy. The Parent and affiliated companies subsequently filed for bankruptcy on Monday,
July 21, 2008.

10.      As a result of the July 17, 2008 disclosures and subsequent bankruptcy filing,
SemGroup Energy Partners' units, which closed on Wednesday, July 16, 2008 at $22.80 per unit,
plummeted to close on Wednesday, July 23, 2008 at $8.00 per unit.

11.      Documents filed on behalf of the Parent in Bankruptcy Court revealed that
SemGroup began experiencing financial distress in 2007 and early 2008, prior to the secondary
offering. The Prospectus failed to reveal that the Parent was suffering from liquidity problems,
or that it was engaged in highly risky crude oil hedge transactions that affected its ability to
continue as a going concern.

## PARTIES

12.      Plaintiff Charles. D. Maurer SIMP Profit Sharing Plan f/b/o/ Charles D. Maurer
purchased units of SemGroup Energy Partners, L.P. on the February 13, 2008 secondary offering
at $23.90 per unit.

13.    Defendant SemGroup Energy Partners, L.P. is a Delaware limited partnership formed in 2007. SemGroup Energy Partners is based in Tulsa, Oklahoma. SemGroup Energy Partners owns and operates a diversified portfolio of midstream energy assets, including storage facilities, terminals and pipelines in the United States. SemGroup Energy Partners provides fundamental midstream services, including the gathering, transportation, terminalling and storing of energy commodities. SemGroup Energy Partners is a publicly traded master limited partnership. SemGroup Energy Partners' units are traded on the NASDAQ under ths symbol SGLP.

14.    Defendant SemGroup Energy Partners, G.P. LLC is the General Partner of SemGroup Energy Partners. The Parent is the 100% owner of the General Partner and shares the same senior management with the General Partner. The General Partner, by its officers and directors, signed the Registration Statement on behalf of SemGroup Energy Partners. The General Partner is named as a defendant as a signatory of the Registration Statement.

15.    Defendant Citigroup Global Markets Inc. ("Citigroup") was a co-lead underwriter of SemGroup Energy Partners' February 13, 2008 six million share secondary offering. Citigroup is named as a defendant as an underwriter of the Offering.

16.    Defendant Lehman Brothers Inc. ("Lehman") was a co-lead underwriter of SemGroup Energy Partners' February 13, 2008 six million share secondary offering. Lehman is named as a defendant as an underwriter of the Offering.

17.    Defendant Kevin L. Foxx co-founded the Parent. Kevin Foxx signed the Registration Statement as the General Partner's President, Chief Executive Officer and a Director. Foxx as also served as the Parent's Chief Operating Officer and Executive Vice

President and as a member of the Parent's Management Committee.

18.    Defendant Gregory D. Wallace has served since 2007, and signed the Registration Statement, as a director of the General Partner. Wallace has also served as Chief Financial Officer, Vice President and Security of the Parent since 2000.

19.    Defendant Alex G. Stallings has served as Chief Accounting Officer of the General Partner since February 2007 and the Parent's Chief Accounting Officer since September 2002. Stallings signed the Registration Statement as the General Partner's Chief Accounting Officer.

20.    The defendants identified in paragraphs 17-19 are referred to herein as "Individual Defendants."

21.    The Individual Defendants each signed the Registration Statement for the Offering, which was materially false and misleading.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), on behalf of all persons or entities who purchased units of SemGroup Energy Partners pursuant to or traceable to the February 12, 2008 Registration Statement and Prospectus and were damaged thereby. Excluded from the Class are the defendants herein, officers and directors of SemGroup Energy Partners, the Parent, the General Partner, or other controlling persons or affiliates of SemGroup Energy Partners, the Underwriters, and members of the immediate family of each of the Individual Defendants.

23.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff at this time and

can only be ascertained through appropriate discovery, plaintiff believes there are hundreds of members of the Class. There are approximately 21,275,000 units of SemGroup Energy Partners currently outstanding.

24.     Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation under the federal securities laws; it is a member of the Class; its claims are typical of the claims of all Class members; and it does not have interests antagonistic to, or in conflict with, those of the Class.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since a multiplicity of actions could result in an unwarranted burden on the Court system and could create the possibility of inconsistent judgments. Moreover, a class action will allow redress for many persons whose claims would otherwise be too small to litigate individually. There will be no difficulty in the management of this action as a class action.

26.     There are numerous questions of law and fact which are common to the Class and which predominate over any questions affecting individual members of the Class, including:

  i.       whether the federal securities laws were violated by defendants' acts as alleged herein;

  ii.      whether the Registration Statement and Prospectus omitted to state or misrepresented material facts concerning the Parent's financial condition; and

  iii.     whether members of the class were damaged by virtue of their investments in SemGroup Energy Partners' securities, and if so, the appropriate measure of damages.

## SUBSTANTIVE ALLEGATIONS

### Background

27.     SemGroup Energy Partners, L.P. was formed in 2007 by the Parent.  SemGroup
Energy Partners completed its initial public offering of twelve million common units on July 17,
2007 at $22.00 per unit.

28.     In connection with that initial public offering, SemGroup Energy Partners entered
into a Throughput Agreement with its Parent, requiring SemGroup Energy Partners to provide
crude oil gathering, transportation, terminalling and storage services for its Parent.  The Parent
was obligated to pay SemGroup Energy Partners a fee based on the number of barrels of crude oil
gathered, transported, terminalled or stored on behalf of the Parent.  The Parent was committed
to use SemGroup Energy Partners' services at a level that provided SemGroup Energy Partners
with minimum monthly fees totaling $76.1 million annually.

### SemGroup, L.P. Experiences Financial Difficulties In Its Hedging Operations

29.     According to a Declaration filed on behalf of the Parent in subsequent bankruptcy
proceedings, beginning in approximately July 2006 petroleum product prices began experiencing
unusual price volatility.  Albeit undisclosed to investors, the Parent's hedging strategies began to
fail.  For example, during the three months ended March 31, 2008, the Parent posted $1.96
billion to satisfy margin deposit requirements, a 115% increase over the three months ended
March 31, 2007.

30.     During the twelve months ended December 31, 2007, the Parent and its affiliates
posted $1.70 billion to satisfy margin deposit requirements, a 159% increase over the twelve
months ended December 31, 2006.

**SemGroup Energy Partners Conducts a Secondary**
**Stock Offering to Improve the Parent's Liquidity**

31.     On January 14, 2008, in a press release issued after the close of the markets,

SemMaterials, L.P., a subsidiary of the Parent, announced that it had agreed to sell 46 U.S. liquid

asphalt cement and residual fuel oil terminalling and storage facilities to SemGroup Energy

Partners. L.P. for $378.8 million.

32.     Pursuant to a Terminalling Agreement executed between the Parent and

SemGroup Energy Partners in connection with the sale of the facilities, the Parent increased its

minimum annual obligations to SemGroup Energy Partners by $58.9 million.

33.     On January 18, 2008, after the close of trading, Energy Partners announced that it

had filed a Registration Statement for a public offering of six million of its common units to raise

money to consummate that transaction.

**The Registration Statement Fails to Disclose the Parent's Adverse Financial**
**Condition and the Risk to Investors From the Parent's Hedging Strategies**

34.     On February 12, 2008, Semgroup Energy Partners filed an Amendment No. 1 to

S-1 Registration Statement and Prospectus with the SEC for the sale of six million units of

SemGroup Partners at $23.90 per unit.

35.     The Registration Statement informed investors of SemGroup Energy Partners'

dependency on the Parent. Among other things, the Registration Statement stated that:

> We depend upon SemGroup, L.P for substantially all of our revenues, and any
> reduction in these revenues would have a material adverse effect on our results of
> operations and our ability to make distributions to our unitholders.

36.     In light of SemGroup Energy Partners' dependency on the Parent, defendants were

obligated to disclose in the Registration Statement that the Parent's hedging strategy had begun

to fail and that it was in need of additional cash to post as collateral for its trading positions.

37.     The Registration Statement was silent as to the Parent's hedging strategy and need for additional cash to post as collateral.

38.     SemGroup Energy Partners is managed by its General Partner, SemGroup Energy Partners G.P., L.L.C. All of the executive officers and some of the directors of the General Partner also serve as executive officers or directors of the Parent. Thus, SemGroup Energy Partners, through its General Partner, had the same knowledge of the Parent's business operations (and adverse hedging strategy) as the Parent itself.

39.     On February 20, 2008, after the close of trading, SemGroup Energy Partners issued a press release stating that it had "completed its pending announced acquisition of 46 U.S. liquid asphalt cement and residual fuel oil terminalling and storage facilities from SemMaterials, L.P. for $378.8 million." SemGroup Energy Partners borrowed $241.2 million, in addition to the net proceeds from the secondary offering, to close the acquisition of the Parent's facilities.

**The Revelation of the True Facts**

40.     The true facts were first revealed to the market on Thursday, July 17, 2008. On July 17, 2008 SemGroup Energy Partners lost 52 percent of its market value, falling $11.80 to $11.00 per unit. After the close of the market, SemGroup Energy Partners issued a statement saying that its Parent "is experiencing liquidity issues" and is considering alternatives, including "a voluntary petition for reorganization under Chapter 11." SemGroup Energy Partners confirmed on that announcement that it generated a "substantial majority" of its revenue from the Parent. In fact, it was reported on Bloomberg News that "about 80% of [SemGroup Energy Partners'] cash flows via throughput and terminal agreements" derived from its Parent.

41.    On Monday, July 21, 2008, the Parent and two dozen of its affiliates filed

bankruptcy petitions in the U.S. Bankruptcy Court in Wilmington, Delaware.

42.    Information revealed in the Declaration of Terrence Ronan, a Senior Vice

President, Finance of the Parent, filed in the bankruptcy matter of In re SemCrude, L.P., Case No.

1 08-11525 (BLS) (Bankr. D. Del.) (¶ 22), demonstrates that the true facts evidencing the Parent's

declining financial conditions were in existence prior to the February 13, 2000 Offering:

> Historically, the SemGroup Companies and their affiliates aimed to establish a
> margin on their anticipated purchases of product inventory by selling that product
> for physical delivery to customers or by entering into future delivery obligations
> under futures contracts on the NYMEX and OTC markets.  Through these
> transactions, the SemGroup Companies and their affiliates sought to maintain a
> position that is substantially balanced between purchases and sales or future
> delivery obligations.  Such transactions were always subject to a degree of risk.
> Rising commodity prices or an expectation of rising prices increased the cash
> needed to manage commodity price exposure and thereby increased liquidity
> requirements, limited amounts available through borrowing, and reduced the
> volume of petroleum products to be purchased.  The volatility experienced in
> petroleum product prices during the last two years has been unprecedented.  As a
> result, the SemGroup Companies' trading strategy began to fail.  For example,
> from January 2006 to June 2008, the NYMEX West Texas Intermediate
> benchmark price increased $66.75 per barrel.  During the three months ended
> March 31, 2008, the SemGroup Companies and their affiliates posted $1.96
> billion to satisfy margin deposit requirements, a 115% increase over the three
> months ended March 31, 2007.  During the twelve months ended December 31,
> 2007, the SemGroup Companies and their affiliates posted $1.70 billion to satisfy
> margin deposit requirements, a 159% increase over the twelve months ended
> December 31, 2006.

## COUNT I

### Against Defendants for Violation of Sections 11 of the Securities Act

43.    Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein

except those allegations that sound in fraud which are specifically excluded.  This Count is

asserted against all defendants for violations of Section 11 the Securities Act, 15 U.S.C. § 77(k).

44.    SemGroup Energy Partners is the issuer of the units sold pursuant to the February 13, 2008 Prospectus. The Parent, General Partner, and the Individual Defendants signed the Registration Statement that incorporated the materially false and misleading Prospectus. Citigroup and Lehman acted as Lead Underwriters of the Offering.

45.    The Registration Statement, and accompanying Prospectus, was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and failed to disclose material facts as described above.

46.    The General Partner and the Individual Defendants as signatories of the Registration Statement, and the Lead Underwriters, failed to make a reasonable investigation or possess reasonable grounds for believing that the representations contained in the Registration Statement were true and that they disclosed all material facts. Defendants are primarily liable under Section 11 of the Securities Act.

47.    Plaintiff and the other members of the Class acquired shares of SemGroup Energy Partners pursuant to, or traceable to, the Prospectus without knowing of untrue statements or omissions of material facts.

48.    Plaintiff and the other Class members have sustained damages.

49.    This action was brought within one year after the discovery of the untrue statements and omissions and within three years after SemGroup Energy Partners common units were offered to the public.

50.    By virtue of the foregoing, defendants have violated Sections 11 of the Securities Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of herself and the other members of the Class, prays for judgment as follows:

    a.      Declaring this action to be a proper class action maintainable pursuant to Rule 23(b)(3) of the Fed.R.Civ.P. and declaring plaintiff to be a proper Class representative;

    b.      Awarding plaintiff and the other members of the Class damages suffered as a result of the wrongs complained of herein together with appropriate interest;

    c.      Awarding plaintiff and the other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

    d.      Awarding plaintiff and the other members of the Class such other and further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all issues so triable.

Dated: July 24, 2008

                              Respectfully submitted,

                              WOLF POPPER LLP

By: _____
                            Robert C. Finkel (RF 2373)
                            Natalie M. Mackiel (NM 1948)
                            845 Third Avenue
                            New York, NY 10022
                            (212) 759-4600

                            *Attorneys for Plaintiff*

Doc.

## LEAD PLAINTIFF CERTIFICATION

I, Charles D. Maurer, on behalf of the Charles D. Maurer SIMP Profit Sharing Plan f/b/o Charles D. Maurer (the "Profit Sharing Plan"), hereby states:

1.     I am the Trustee of the Profit Sharing Plan.  As Trustee, I am authorized to execute this certification on the Profit Sharing Plan's behalf.  I have authorized the filing of the attached complaint on behalf of the Profit Sharing Plan.

2.     The Profit Sharing Plan did not purchase any units of SemGroup Energy Partners, L.P., at the direction of counsel or in order to participate in this private action.

3.     The Profit Sharing Plan made the following transaction in SemGroup Energy Partners, L.P., partnership units on the February 13, 2008 public offering:

| Transaction | Trade Date | No. Of Units | Price Per Unit |
|---|---|---|---|
| Buy | 2.13.2008 | 225 | $23.90 |

4.     The Profit Sharing Plan has not served nor sought to serve, as a representative party on behalf of a class, in any action under the federal securities laws during the last three years.

5.     The Profit Sharing Plan will not accept any payment for serving as a representative party on behalf of a class except to receive its pro rata share of any recovery, or as ordered or approved by the Court, including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 24, 2008

Charles D. Maurer

Doc. 161195